GEORGE HOPKINS *vs.* EDWARD STUART and another.

July 3, 1888.

Fraud—Conspiracy—Principal and Agent.—Evidence *held* insufficient to sustain the verdict.

Appeal by defendants from an order of the district court for Hennepin county, *Rea*, J., presiding, refusing a new trial.

*Miller, Young & Miller*, for appellants.

*F. D. Larrabee*, for respondent.

MITCHELL, J. This action was originally brought against the two appellants, and Robert W. Barto, David Stuart, and Edward Kent.

to recover damages for false and fraudulent representations made by defendants, by means of which plaintiff was induced to exchange certain real and personal property for "mining stock." When the plaintiff rested, the action was by the court dismissed as to David Stuart and Edward Kent, on the ground that no cause of action had been made out against them. A verdict was had against the two appellants and Barto. Barto does not appeal.

The only point necessary to be considered is the sufficiency of the evidence to sustain the verdict. It appears that the trade was negotiated by Barto as the agent and friend of plaintiff. The whole of plaintiff's case, as against the two appellants, rests upon the theory that they and Barto conspired together to defraud him. While there are some things about the case that may be suggestive of a possibility that the bottom facts as to this transaction have not been unearthed, yet a careful examination of the record satisfies us that it does not contain any evidence of a connivance or conspiracy between Barto and appellants. So far as appears, Barto was acting solely as the agent of the plaintiff; and, if he misled or deceived the plaintiff, it was, if intentional, for purposes personal to himself, and not the result of any fraudulent connivance with appellants. Hence, in determining the appeal, we must lay aside entirely all representations made by Barto. This being done, there is virtually nothing left of the case against the appellants.

It seems to us that the verdict cannot be sustained on the evidence presented in this record.

Order reversed.